United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC EL, | No. C 06-3696 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| Warden M.S. EVANS; et al., | |
| Defendants. | |

## INTRODUCTION

Eric El, an inmate at Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, El alleges that a correctional officer used excessive force on him on September 29, 2005. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

There is an exhaustion problem in this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). Ngo explained that the rejection of an inmate appeal for a procedural defect -- even a incurable one such as untimeliness -- does not exhaust administrative remedies.

Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

The complaint and attachment to it appear to show that El did not exhaust administrative remedies. He alleges in his complaint that he exhausted because the "institution refused to accept appeal." Complaint, p. 2. The inmate appeal materials attached to the complaint appear to clarify the situation, showing that the inmate appeal was returned to El with an "inmate/parolee appeal screening form" on which it was stated that the inmate appeal form was rejected because it was "not completed properly" and "the appeal is not timely." The inmate appeal had been submitted two months after the incident occurred; i.e., the incident occurred on September 29, El wrote the appeal on November 30, and prison staff rejected it on December 6, 2005. The screening form stated: "This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – do not write any more on the appeal itself. Please return this form

2

to the Appeals Coordinator with the necessary information attached." There are no documents attached to the complaint that suggest El pursued the matter further.

The rejection of the appeal as untimely means that El has not exhausted his administrative remedies and apparently cannot do so. The recent decision in Ngo appears to bar this action. In Ngo, the Supreme Court determined that an inmate had not exhausted his administrative remedies when his inmate appeal was rejected as untimely. It therefore appears that this action should be dismissed with prejudice under the rationale of Ngo because El did not exhaust his administrative remedies before filing it. Before deciding that dismissal is appropriate, the court will give El an opportunity to explain why this action should not be dismissed. For example, he might be able to show that the preceding paragraph does not correctly state the facts in his case, or that he filed another appeal that was able to be pursued all the way to the Director's Level.

**CONCLUSION**

For the foregoing reasons, El may file no later than **September 22, 2006**, an explanation or argument as to why the action should not be dismissed with prejudice for failure to exhaust administrative remedies before filing this action.

IT IS SO ORDERED.

Dated: August 16, 2006

SUSAN ILLSTON
United States District Judge

3