UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC EL,

    Plaintiff,

v.

Warden M.S. EVANS; et al.,

    Defendants.
                             /

No. C 06-3696 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Eric El, currently an inmate at the Kern Valley State Prison and formerly an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint under 28 U.S.C. § 1915A, determined that it appeared to have an exhaustion problem, and allowed El to explain why the complaint should not be dismissed for failure to comply with the requirement that he exhaust administrative remedies before filing the action. El thereafter filed a response which is hardly a model of clarity but does cast enough doubt on the exhaustion issue that the action cannot be dismissed at the initial review stage for non-exhaustion. The court therefore now does the initial review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, El alleges that correctional officer Dixon used excessive force on him on September 29, 2005, while he was incarcerated at Salinas Valley. The complaint alleges the following: El was in his cell and "passed out" due to the lack of air circulation in his cell. When

he passed out, he "was in the food port of his cell." Complaint, p. 4. Defendant correctional officer Dixon approached the cell and gave direct orders for El to move out of the food port. When El did not respond, officer Dixon sprayed him with OC pepper spray. When El did not respond to the pepper spray, officer Dixon sprayed him with another can of pepper spray. El had not responded to the pepper spray because he was unconscious. (An attachment to the complaint indicates that only El's arm was hanging out of the food port, and that Dixon sprayed El when he refused to comply with orders to get his arm out of the food port. The attachment also indicates that a CDC-115 rule violation report was to be issued to El for willfully obstructing a peace officer.)

**DISCUSSION**

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)). In determining whether the use of force was for the purpose of maintaining or restoring discipline,

2

or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7; see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Liberally construed, the complaint states a § 1983 claim for relief against defendant Dixon for the use of excessive force on El in violation of his rights under the Eighth Amendment based on the alleged pepper-spraying of an unconscious inmate.

The other named defendant was the warden of the prison. He apparently was named because he was in charge of the prison, as he was not involved in the use of force incident. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the warden is dismissed without prejudice.

B.   The Exhaustion Question

Upon initial review of the complaint, the court noted that El apparently had failed to exhaust his administrative remedies before filing this action. Rather than dismiss the complaint, the court allowed El to try to explain why this action should not be dismissed, mentioning that he might be able to show that the court had not correctly understood the facts of his case or that he had pursued another inmate appeal to the Director's Level. El filed a response that was very confused but did suggest that his inmate appeal was somehow connected to a CDC-115 and that was not provided to him in a timely fashion. See Docket # 6. The effect of the CDC-115 on the deadline to file an inmate appeal is not known, nor is it clear whether there was an appeal from a CDC-115 that may have exhausted the claim in El's complaint. As a result of El's response, the court cannot determine that the prisoner has conceded to non-exhaustion and therefore cannot dismiss the complaint at the initial review stage. See Wyatt v. Terhune, 315 F.3d 1108,

1119-20 (9th Cir. 2003). The court has <u>not</u> decided that El has exhausted his administrative remedies or that any exception to the exhaustion requirement applies. Rather, the court has only decided that the record is inadequate to make such a decision at the initial review stage. Defendant remains free to raise the affirmative defense of non-exhaustion if he believes that there is an exhaustion problem in this case.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Dixon for an Eighth Amendment violation. Defendant Evans is dismissed without prejudice.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendant correctional officer Dixon at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **July 20, 2007**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 24, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

  c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **September 7, 2007**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: May _9, 2007

               _____
               SUSAN ILLSTON
               United States District Judge