UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC EL, | No. C 06-3696 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| C. DIXON, | |
| Defendant. | |

## INTRODUCTION

Eric El, currently a prisoner at Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendant has moved to dismiss on the ground that El failed to exhaust administrative remedies before filing the action. El has not opposed the motion, but earlier had filed a document explaining his view of the exhaustion issue. The action will be dismissed because administrative remedies were not exhausted before it was filed.

## BACKGROUND

El alleged in his complaint that defendant Dixon used excessive force on him on September 29, 2005, at Salinas Valley State Prison. The complaint alleged that El was in his cell and "passed out" with part of his body in the food port of his cell due to the lack of air circulation in his cell. Complaint, p. 4. Defendant correctional officer ("C/O") Dixon allegedly approached the cell, gave direct orders for El to move out of the food port, and squirted El twice with pepper spray when El did not respond to the orders. El alleged that he had not responded to the pepper spray because he was unconscious.

El received a CDC-115 rule violation report for the incident for willfully obstructing a peace officer. A disciplinary hearing was held. El pled not guilty and stated that his cell-mate put him in the food port to get air. Sciandra Decl., Exh. A. He was found guilty and assessed 90 days credit forfeiture for the offense. The CDC-115 is marked as having been given to the inmate on November 14 or 19, 2005.

El filed a CDC-602 inmate appeal dated November 30, 2005, in which he complained of excessive use of force by C/O Dixon for spraying him with pepper spray. He did not complain about the disciplinary decision or any procedural problems in the disciplinary proceeding. The CDC-602 appeal form is marked as having been received by prison officials on December 6, 2005. The appeal was screened out and returned to El with the notations that it was not completed properly and was not timely. See Complaint, unnumbered exhibit. The form used to screen out the appeal had a pre-printed message at the bottom: "This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – do not write any more on the appeal itself. Please return this form to the Appeals Coordinator with the necessary information attached." Id. El did nothing thereafter to pursue his inmate appeal.

**DISCUSSION**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director

of the California Department of Corrections. See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendant has the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

El did not exhaust the administrative remedies available to him. His inmate appeal never made it to the director's level because it was screened out at the first level as untimely. He argues that his appeal was not untimely because he was waiting for the CDC-115 to be completed before he filed his appeal. This argument fails for two reasons. First, the inmate appeal did not even mention the CDC-115 or the discipline imposed and did not depend on the outcome of the disciplinary proceedings to be ripe for appeal. El's claim in his inmate appeal was that Dixon had used excessive force, and not that he should not have been disciplined or that the disciplinary proceedings were defective. Second, El's argument is made too late. El did not

3

make his argument in his inmate appeals process, notwithstanding the direction on the screening form that instructed the inmate how to challenge a decision that screened out the appeal for a procedural problem such as untimeliness. When his inmate appeal was screened out, El did not pursue the matter further and did not tell the inmate appeal screener that he had been waiting for the CDC-115 to be resolved before he appealed.

A prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. at 2382. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 2384. El did not. His inmate appeal at the first level was untimely and rejected for that reason. El never received a director's level decision, as required for exhaustion of administrative remedies by a California prisoner. Defendant has carried his burden to prove that El did not satisfy the exhaustion requirement with regard to his Eighth Amendment claim against defendant Dixon. The action must be dismissed without prejudice.

## CONCLUSION

Defendant's motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 12.) This action is dismissed without prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 23, 2008

_____
SUSAN ILLSTON
United States District Judge

4